HON. MARIO M. ALBANESE County Judge and Surrogate Fulton County
This is in response to your letter requesting the opinion of the Attorney General with respect to the issuance of a pistol license. You state that a certain individual has made an application to you, pursuant to section 400.00 of the Penal Law, for a license to possess a pistol. This individual pled guilty in 1957 to a felony charge in the State of Nebraska. He was then placed on probation and served his probationary term without a violation. On June 4, 1975, the original court of conviction in Nebraska made an order setting aside and nullifying the conviction and expunging it from the record. At the same time, the court removed all civil disabilities imposed as a result of the conviction. This was done pursuant to Nebraska law, which provides that upon release from probation, a probationary may petition the sentencing court to set aside and nullify the conviction. You therefore inquire whether section 400.00(1) of the Penal Law prohibits the issuance of a permit to the individual described above in view of the fact that his Nebraska conviction has been set aside and expunged from the record.
Section 400.00 of the Penal Law provides, in pertinent part, as follows:
 "§ 400.00 Licenses to carry, possess, repair and dispose of firearms
 "1. Eligibility. No license shall be issued or renewed pursuant to this section except by the licensing officer, and then only after investigation and finding that all statements in a proper application for a license are true. No license shall be issued or renewed except for an applicant (a) of good moral character; (b) who has not been convicted anywhere of a felony or a serious offense; (c) who has stated whether he has ever suffered any mental illness or been confined to any hospital or institution, public or private, for mental illness; and (d) concerning whom no good cause exists for the denial of the license. * * *" (Emphasis supplied.)
Under the above statute, a license to possess a pistol or revolver may not be issued to an applicant who has been convictedanywhere of a felony or serious offense. The use of the word "anywhere" appears to require that a conviction of a felony in a jurisdiction other than New York State be treated in the same manner as a conviction in New York, thereby barring such an applicant from obtaining a license.
Under Article 23 of the Correction Law, in section 701, thereof, a provision is made for a "certificate of relief from disabilities" to be granted to relieve a first offender in New York from forfeitures or disabilities automatically imposed by reason of a conviction of the crime specified therein. It is specifically provided in section 701 that a conviction of a crime specified in a certificate of relief is not deemed to be a conviction within the meaning of any provision of law which disables a person, by reason of a conviction, from applying for or receiving any license. Certificates of relief granted under section 701 may be limited to certain enumerated disabilities or may relieve the individual of all forfeitures, disabilities and bars.
In construing the above statute, this office has previously stated, in 1971 Atty. Gen. [Inf.] 8, that where a convicted felon is granted a certificate of relief from disabilities covering the bar to apply for a pistol license, and such license is subsequently granted, the possession of a pistol by such person would not violate the provisions of section 400.00(1) of the Penal Law. More recently, this office has concluded that a certificate of relief from disabilities issued by a county court, if general in form, removes the statutory bar to apply for or receive a pistol license (1975 Atty. Gen. [Inf.] 306).
In the present instance, the applicant was a Nebraska felony offender who was granted an order setting aside, nullifying and expunging his conviction from the record and removing all civildisabilities and disqualifications imposed as a result of the conviction. As such, the order's effect is even more extensive than a "certificate of relief from disabilities" in New York in that it also expunges the conviction itself from the record. Thus, if a general certificate of relief issued in New York removes the bar from applying for and receiving a pistol license, then the Nebraska order would have to be recognized as having the same effect.
We conclude, therefore, that an order made by a Nebraska court, expunging a felony conviction rendered in that court from the record and removing all civil disabilities incurred by the defendant as a result of the conviction, removes the statutory bar to apply for and receive a pistol license in New York imposed because of a conviction anywhere of a felony.